IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCO SALAZAR on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED | § § § § § | Civil Action No. |
| Plaintiffs, | § § | |
| v. | § § | COLLECTIVE ACTION (JURY TRIAL) |
| ENSIGN UNITED STATES DRILLING INC. and EXPRESS PAYROLL INC. | § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**SUMMARY**

1. Ensign United States Drilling Inc., and Express Payroll Inc. do not pay their Welders overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the FLSA).  Instead, Ensign United States Drilling Inc., and Express Payroll Inc. pays its Welders straight time, not time and a half for overtime hours worked.  Because these workers are employees under the FLSA, Marco Salazar, and the other Welders are entitled to recover unpaid overtime as well as other damages, including damages for unlawful retaliation.

2. Defendants Ensign United States Drilling Inc., and Express Payroll Inc. have a policy, enforced at all of its locations throughout the United States, denying Plaintiffs and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

3. Defendant Ensign United States Drilling Inc. is a foreign corporation with locations throughout Texas and the United States. Ensign United States Drilling Inc. may

1

be served with process through its Registered Agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4. Defendant Express Payroll Inc. is a domestic corporation with locations throughout Texas. Express Payroll Inc. may be served with process through its Registered Agent, Henry R. Link at 7662 N. US Hwy 287, Tennessee Colony, Texas 75861.

5. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

6. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r). Additionally, under 29 C.F.R. 791.2(b)(1)(3), when the "employers are not completely disassociated with respect to the employment of particular employees, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by or is under common control with the other employer," a joint employment relationship exists. Here, Ensign United States Drilling Inc., and Express Payroll Inc. are joint employers as the term "joint employer" is defined by the Fair Labor Standards Act and interpreted by the United States Department of Labor. 29 C.F.R.791.2(b)(1)(2).

7. Ensign United States Drilling Inc. manufactures drilling rigs for customers in the oil and gas industry.

8. Defendant Express Payroll Inc. provides drilling services for its customers throughout the oil and gas industry.

9. Defendant Ensign United States Drilling Inc. retained Express Payroll Inc. to

assist in building land rigs.

10. The nature of the relationship between the defendants was that Express Payroll Inc. would pay the welders, determine their rates of pay, and designate the number of hours worked per week and assign them to work locations. Ensign United States Drilling Inc. would supervise the welders, direct their day to day activities, inspect their work and otherwise control all aspects of the work performed by the welders.

## JURISDICTION AND VENUE

11. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

12. Venue is proper because defendants have locations in the Southern District of Texas and many of the relevant facts occurred there.

## PARTIES

13. Marco Salazar worked for Ensign United States Drilling Inc., and Express Payroll Inc. as a Welder.  His written consent is attached.

14. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA.  Defendants are therefore obligated to pay its non-exempt employees overtime under the FLSA.

15. The "FLSA Class Members" are all Welders who were hired by Ensign United States Drilling Inc., and Express Payroll Inc. at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

## FACTS

16. Marco Salazar was an employee of Ensign United States Drilling Inc., and Express Payroll Inc.

17. Marco Salazar was not an independent contractor.

18. No exemption to the provisions of the FLSA excused defendants from its obligation under the FLSA to pay Marco Salazar and putative class members time and a

3

half for the hours worked past forty (40) each week while employed by defendants.

19. Ensign United States Drilling Inc., and Express Payroll Inc. paid Plaintiff Marco Salazar straight time, not time and a half, for the hours he worked above forty (40) during his employment with defendants.

20. Marco Salazar worked for Ensign United States Drilling Inc., and Express Payroll Inc. as a Welder from January of 2014 to January of 2015.

21. The work performed by Plaintiff was the primary type of work that the defendants provide for their respective customers.

22. The work performed by Plaintiff was an essential part of the services provided for Defendants' Customers.

23. Ensign United States Drilling Inc., and Express Payroll Inc.'s Welders relied on Defendants for their work.

24. Ensign United States Drilling Inc., and Express Payroll Inc. determined where its Welders worked and how they performed their duties.

25. Ensign United States Drilling Inc., and Express Payroll Inc. set Welders' hours and required them to report to work on time and leave at the end of their scheduled hours.

26. Ensign United States Drilling Inc., and Express Payroll Inc. Welders at all locations work(ed) exclusively for Ensign United States Drilling Inc., and Express Payroll Inc. since they work between 10 and 12 hours a day, as a practical matter, they cannot work anywhere else.

27. Defendants' Welders are not permitted to hire other workers to perform their jobs for them.

28. Defendants' Welders do not employ staff, nor do they maintain independent places of business.

29. Welders employed by defendants are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the

hours required by Ensign United States Drilling Inc., and Express Payroll Inc. each day.

30. The Welders employed by Defendants cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by Ensign United States Drilling Inc., and Express Payroll Inc.

31. Ensign United States Drilling Inc., and Express Payroll Inc. pays Welders in return for their labor.

32. Ensign United States Drilling Inc., and Express Payroll Inc. deducted taxes from the paychecks of Plaintiff and similarly situated employees.

33. Ensign United States Drilling Inc., and Express Payroll Inc. keeps records of the hours it instructed its Welders to work. Defendants also keep records of the amount of pay plaintiffs and putative class members receive.

34. Plaintiffs and putative class members were paid directly via weekly pay check.

35. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendants paid them straight time instead of time and a half for the overtime hours that they worked.

36. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

37. In addition to Marco Salazar, defendants employed more than one hundred (100+) other Welders at the location where Plaintiff worked and at other locations. These Welders worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful pay policies.

38. The FLSA Class Members are similarly situated to Marco Salazar.

39. The FLSA Class Members should be notified of this action and given the chance

to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All Welders who worked for Ensign United States Drilling Inc., and Express Payroll Inc. at all of its locations throughout the United States while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

## CAUSE OF ACTION – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

40. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Ensign United States Drilling Inc., and Express Payroll Inc. violated the FLSA.

41. Ensign United States Drilling Inc., and Express Payroll Inc. owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

42. Ensign United States Drilling Inc., and Express Payroll Inc. knew, or showed reckless disregard for whether, their failure to pay overtime violated the FLSA. Defendants' failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

43. Ensign United States Drilling Inc., and Express Payroll Inc. owes Plaintiff and the FLSA Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

44. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    4.    All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

> THE FOLEY LAW FIRM
> By: /s/ Taft L. Foley II
> Taft L. Foley, II
> Federal I.D. No. 2365112
> State Bar No. 24039890
> 3003 South Loop West, Suite 108
> Houston, Texas 77054
> Phone: (832) 778-8182
> Facsimile: (832) 778-8353
> Taft.Foley@thefoleylawfirm.com
> **Attorneys For Plaintiffs**