**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARCO SALAZAR, on behalf of himself** | § | |
| **individually, and ALL OTHERS** | § | |
| **SIMILARLY SITUATED,** | § | |
| | § | |
|     **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. 4:17-cv-00991** |
| **v.** | § | |
| | § | |
| **ENSIGN UNITED STATES DRILLING** | § | |
| **(S.W.) INC. and OFS GLOBAL, INC.** | § | |
| | § | |
|     **Defendants.** | § | |

**PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEES
AND LITIGATION EXPENSES**

Plaintiff Marco Salazar, on behalf of himself and on behalf of all others similarly situated, files this Unopposed Motion for Approval of Attorney's Fees and Litigation Expenses and would respectfully show the Court the following:

## I.      INTRODUCTION

Plaintiff and Defendants Ensign United States Drilling Inc., ("Ensign"), OFS Global Inc. ("OFS"), collectively referred to as "Defendants," have reached a settlement of the pending dispute concerning unpaid overtime claims under the Fair Labor Standards Act, 29 U.S.C § 201 *et seq.* ("FLSA"). The settlement provides 39 current and former welders who were paid an hourly rate of pay as independent contractors a settlement for possible wage and hour claims. Plaintiff files this supplemental motion for attorney's fees and litigation expenses which Defendants do not oppose.

Plaintiff filed this lawsuit as collective action under the FLSA on March 31, 2017. (Doc. 1.) The central allegation in Plaintiff's complaint was the non-payment of overtime wages arising

from Defendants' classification of Plaintiff and all similarly situated welders as independent contractors. As a result of such classification, Defendants paid Plaintiff and the other welders an hourly rate of pay but did not pay them additional compensation when they worked more than 40 hours in a workweek.

During discovery, Defendants produced the pay records for the Plaintiffs and Class Members during the relevant time period covered by this lawsuit.  Using these records, the Parties calculated damages they believed could be available to this class of workers.  Defendants disagreed with Plaintiffs' theory of liability under the FLSA and whether a two year or three-year period should be applied.

On May 24, 2018, the Parties attended private mediation in Houston, Texas. During mediation, the Parties discussed the potential damages owed to the Plaintiffs and Class Members, the applicable statute of limitations, and the merits of the case. The Parties disagreed strongly on the merits of the case. After mediation was unsuccessful, both sides actively litigated the case. In September, the Parties reached a settlement. (Doc. 143.)

On November 9, 2018, the Parties submitted their joint motion for approval of the settlement.  Now, Plaintiffs separately file this motion as a supplement to the joint motion for approval of the settlement. Here, Plaintiffs' Counsel respectfully requests that this Court approve the requested attorney's fees and litigation expenses.

## II.      ARGUMENTS AND AUTHORITIES

### A.      The Attorneys' Fees Sought are Fair and Reasonable.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). Plaintiffs' Counsel investigated the overtime claims, analyzed pay

data, managed communication with all Class Members, took six depositions, engaged in significant motion practice, and performed other work that resulted in a fair settlement for the 39 Plaintiffs in this case. There were two law firms directly involved in the representation of the Plaintiffs – The Foley Law Firm and Kennedy Hodges, LLP.

When evaluating a claim for fees, a party's success in the litigation is the "most critical." *Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983). In determining the reasonableness of the requested attorney's fee, the court in *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000) considered the comparative data about Rule 23 class settlements summarized by the National Economic Research Associates.  The NERA Study relied upon by the *Shaw* Court showed that the average result achieved for class members was only **7% to 11% of claimed damages**.  Measured against the NERA standard, the settlement in this case is exemplary. Under Plaintiffs' theory of the case, Plaintiffs have successfully prevailed. They acquired a gross settlement that provides for a substantial recovery for the Plaintiffs.

The NERA study provided that from 2007 to 2015, the overall median per-plaintiff settlement value in wage-and-hour cases was $2,576. (*See* Nera Study, Exhibit "1" at pages 5 and 6). Based on the NERA study, the per-person result in this case is highly favorable in comparison to typical settlements.  Thus, Plaintiffs' Counsel have acquired a class settlement that provides the class a substantial benefit given the facts of the case and the relative merits of the claims. Under Defendants' theory, the Plaintiffs would be owed zero.

Furthermore, the legal theories involved required substantial expertise in the wage and hour field. Many attorneys would not have understood the nuanced arguments asserted, nor would they have been able to discern whether the Plaintiffs even had a viable claim. Additionally, other lawyers may not have had the expertise to ascertain and evaluate the possible damages awards

available to the Class Members in this case. Thus, the work of Plaintiffs' Counsel provided a significant benefit to the Class Members.

> **B.** **The Attorney's Fees Sought are Fair and Reasonable using the Lodestar Cross-Check.**

Fee awards are mandatory for "prevailing Plaintiffs" in FLSA cases. 29 U.S.C. § 216(b); *see Kreager v. Solomon & Flanagan P.A.,* 775 F.2d 1541, 1542 (11th Cir.1985). A party is a "prevailing party" for the purpose of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). Here, there is no doubt that the Plaintiffs prevailed in this litigation and Counsel are entitled to a recovery of fees.

The Plaintiffs were represented by two law firms: the Foley Law Firm and Kennedy Hodges, LLP. The Foley Law Firm spent 457.25 hours and incurred $163,160 in attorney's fees. Kennedy Hodges spent 616.9 hours and incurred $229,045.83 attorney's fees. The total attorney's fees in this case are $392,205.83. Thus, Plaintiffs' Counsel is seeking only 35% of their actual lodestar.

Furthermore, the total attorney's fees identified above is the amount after Plaintiffs' Counsel exercised significant billing judgment and does not include the time spent in conferences with Defense Counsel, strategy meetings amongst Plaintiffs' Counsel, or travel time.

Below is a chart summarizing each attorney's and staff member's hours worked and the rates charged.

| NAME | EXPERIENCE | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Don Foty | 12 Years | 231.25 | $500 | $115,625 |

| Taft Foley | 15 Years | 250.75 | $500 | $125,375 |
| Jorge Garcia | 1 Year | 120 | $250 | $30,000 |
| Ved Chitale | 1 Year | 211.1 | $350 | $73,885 |
| Carl Fitz | 1 Year | 12.416 | $350 | $4345.83 |
| William Hogg | 5 years | 5.5 | $350 | $1925 |
| Marta Ponce | 4 Years | 107.75 | $225 | $24,243.75 |
| Kim Black | 20 Years | 5.3 | $225 | $1,192.50 |
| Gary Wohn | 20 Years | 17.216 | $225 | $3,873.75 |
| Ingrid Breton | 6 years | 48.5 | $90 | $4365 |
| Cristina Washington | 3 years | 27.5 | $90 | $2475 |
| Caridad Tanner | 4 years | 10.5 | $90 | $945 |
| KH Law Clerk | 3L | 26.367 | $150 | $3,955 |
| **TOTAL** | | **1,074.15** | | **$392,205.83** |

### 1.  The hourly rates are reasonable.

To establish the reasonableness of the requested rate, counsel "must produce satisfactory evidence, in addition to [his] own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Deltatech Constr., LLC v. Sherwin–Williams Co*., No. Civ. A. 04–2890, 2005 WL 3542906, at *3 (E.D. LA. Nov.3, 2005) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). Courts in the Southern District of Texas has approved the hourly rate of $500 as reasonable for experienced FLSA litigators. *See, e.g*., *Rouse v. Target Corporation*, 181 F.Supp.3d 379, 385 (S.D. Tex. Jan. 26, 2016). Additionally, Plaintiffs' Counsel has produced a declaration describing the qualifications and experience of the individuals involved in the representation of the Plaintiffs. *See* declaration of Don Foty, attached hereto as Exhibit "2".

As discussed in the Foty declaration, the attorneys at Kennedy Hodges, LLP are experts in FLSA collective actions and complex litigation. Don Foty is a partner with the firm and almost exclusively litigates wage and hour collective actions and class actions. Taft Foley also has significant experience in FLSA matters and the majority of his practice to date is in representing workers.

### 2.  The hours expended by counsel are reasonable

This case was litigated for more nearly two years, involving significant motion practice, at least five discovery dispute hearings, six depositions, and the production/review of tens of thousands of pages of records.   Indeed, there were eight opposed motions filed in the case (*see* Docs. 76, 86, 98, 112, 120, 121, 132, 133), including a motion for representative discovery, a disputed motion for protective order, and motions to quash third party subpoenas.  Both sides

actively litigate this case.  All of these activities required extensive preparation and significant expenditure of time and resources.  The total amount of time spent in this case was 1,074.15.  Based on the extent of the litigation, this amount of time was reasonable.

### 3.   Each of the twelve *Johnson* factors supports awarding the fees sought

In evaluating attorney's fees, after calculating the lodestar, the court considers whether to adjust the fee upward or downward under the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Were the court to actually engage in Lodestar analysis and the adjustment process, these factors would likely support an upwards adjustment.

The Johnson factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

Regarding factors 1 and 7, (time and labor and time limitations imposed by client or circumstances) and as discussed above, discovery in this case was extensive.  Significant time was spent preparing for depositions, interviewing witnesses, preparing for arguments at the discovery hearings, conducting legal research, and taking depositions.

As for factor 2, this case involved complicated liability issues regarding whether workers were employees or independent contractors, and difficult procedural questions regarding

representative discovery and class certification. To properly address these issues, an attorney needs specialized knowledge of the FLSA, and in collective action litigation, in particular.

With respect to factors 3 and 9, the attorneys at the Foley Law Firm and Kennedy Hodges are skilled and experienced FLSA litigators.

Regarding factor 4, the majority of the work in this case was handled by two partners and one associate.  It was not extensively staff by multiple lawyers, but only the minimum necessary to litigate the case.

As for factor 6, this case was undertaken on a pure contingency fee basis. Despite their investment of more than 1,000 hours of time and over $30,000 in litigation expenses, there was no guarantee of a recovery.  Indeed, there was significant risk that Plaintiffs' Counsel would not receive any compensation for their legal services or recover their out-of-pocket costs. Counsel's ability to collect compensation was entirely dependent on prevailing on the claims, both at the trial level and on appeal. Any lawyer undertaking representation of large numbers of affected employees in such actions inevitably must be prepared to make a tremendous investment of time, energy, and resources. Due also to the contingent nature of the customary fee arrangement, lawyers are asked to be prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind. Counsel stood to gain nothing in the event the case was unsuccessful and invested significant time and resources to bring this case to settlement.

Moreover, the circumstances of this case presented hurdles to a successful recovery. Defendants vigorously contested Plaintiffs' liability theory and maintained that the FLSA class was not similarly situated to Plaintiff Salazar. Had this case not settled, Defendants would likely have argued for decertification. Although Plaintiffs' Counsel strongly disagrees with these

arguments and believes they would have prevailed in maintaining the action as a certified class, Counsel acknowledges that other employers have succeeded on similar arguments.

Regarding factor 8, "[t]he most critical factor in determining a fee award is the degree of success obtained." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). As noted above, the average per person recovery is substantial. Under Plaintiffs' theory of the case, Plaintiffs have successfully prevailed. Under Defendants' theory, the Plaintiffs would be owed zero.

Regarding factor 10, this case was both complicated and hard fought. As noted above, it required significant motion practice and several depositions. *See Graves v. Arpaio,* 633 F. Supp. 2d 834, 847 (D. Ariz. 2009), aft' d, 623 F.3d 1043 (9th Cir. 2010) ("A case may be undesirable when it is exceedingly fact-intensive, time-consuming, and expensive to litigate."). Given the complexity of the case and the time spent litigating, this case would be undesirable for many lawyers.

Regarding factor 11, this case was litigated for nearly two years. A two year period devoted to one case is a significant period of time. Thus, the *Johnson* factors support the fee request sought in this case.

**C.      The Costs Plaintiff's Counsel incurred were reasonable.**

Plaintiffs' Counsel spent $30,773.99 in litigation costs. This amount was spent for depositions, copy charges, third party subpoenas, authorizations to the IRS for tax returns, and other necessary expenses. Attached as Exhibit "3" is a listing of the expenses incurred in this case.

## CONCLUSION

For the reasons, Plaintiffs' Counsel respectfully requests that the Court approve Plaintiffs' Counsel's request for attorney's fees and litigation expenses.

THE FOLEY LAW FIRM

By: */s/ Taft L. Foley II*
    Taft L. Foley, II
    Federal I.D. No. 2365112
    State Bar No. 24039890
    3003 South Loop West, Suite 108
    Houston, Texas 77054
    Phone: (832) 778-8182
    Facsimile: (832) 778-8353
    Taft.Foley@thefoleylawfirm.com

    AND

    KENNEDY HODGES, L.L.P.

By:  /s/ Don J. Foty
    Don J. Foty
    dfoty@kennedyhodges.com
    Fed. ID NO. 711522
    State State Bar No. 24050022
    4409 Montrose Blvd., Suite 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

    ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS

## CERTIFICATE OF CONFERENCE

    I certify that I have conferred with Defendants about the subject of this motion. Defendants are unopposed.

    */s/ Don J. Foty*
    Don J. Foty

## CERTIFICATE OF SERVICE

    I certify that on November 12, 2018 I filed this motion through the Southern District of Texas's CM/ECF system which will serve an electronic copy on all parties of record.

    */s/ Don J. Foty*
    Don J. Foty